## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MICHAEL LAMARR FRILEY,**

      **Petitioner,**

   **v.**                     **CASE NO. 2:05-cv-396**
                                  **JUDGE MARBLEY**
**JEFFREY WOLFE, Warden,**        **MAGISTRATE JUDGE ABEL**

      **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.

Petitioner Friley was charged with possession of cocaine with a firearms specification, possessing a weapon while under disability, aggravated burglary, kidnapping, aggravated robbery, two counts of robbery, theft, intimidation of a crime victim, and carrying a concealed weapon, with specifications. In March 2003, he pleaded guilty pursuant to a plea agreement in the Franklin County Court of Common Pleas to attempted possession of cocaine and robbery. The State and petitioner Friley agreed to recommend a five year sentence, which the trial court imposed. Petitioner's convictions and sentence were affirmed by the Tenth District Court of Appeals and the Ohio Supreme Court. In this federal habeas corpus petition, petitioner asserts that his sentence violates is constitutionally invalid, that his guilty plea was not knowing, intelligent, or voluntary, that he was denied the effective assistance of counsel, and that the judgment of the Court of Appeals and the Ohio Supreme Court are invalid. For the reasons that follow, the Magistrate Judge **RECOMMENDS** the petition for a writ of habeas corpus be **GRANTED** on claim one, that

petitioner's sentence be **VACATED** and petitioner released from incarceration, unless the State of Ohio re-sentences him within ninety (90) days.  The Magistrate Judge further **RECOMMENDS** that the remainder of petitioner's claims be **DISMISSED** as without merit.

## I.  PROCEDURAL HISTORY

Petitioner was indicted by the May 3, 2002, term of the Franklin County grand jury on possession of cocaine, in violation of O.R.C. §2925.11, with a firearm specification and having a weapon while under disability, in violation of O.R.C. §2923.13.  Exhibit 1 to Return of Writ.  On March 3, 2003, while represented by counsel, petitioner pleaded guilty to the lesser included offense of attempted possession of cocaine; count two of the indictment was *nolle prosequied*.  Exhibit 3 to Return of Writ.  Petitioner was sentenced to six months incarceration.  *Id*.  Petitioner also was indicted by the September 6, 2002, term of the Franklin County grand jury on aggravated burglary, in violation of O.R.C. §2911.11, kidnapping, in violation of O.R.C. §2905.01, aggravated robbery, in violation of O.R.C. §2911.01, two counts of robbery, in violation of O.R.C. §2911.02, theft, in violation of O.R.C. §2913.02, intimidation of a crime victim or witness, in violation of O.R.C. §2921.04, and carrying a concealed weapon, in violation of O.R.C. §2923.12, with specifications.  Exhibit 4 to Return of Writ.  On March 3, 2003, petitioner pleaded guilty to robbery; the remaining charges were *nolle prosequied*.  Exhibits 5 and 6 to Return of Writ.  Petitioner was sentenced to five years in prison  *Id*.  Petitioner did not file a timely appeal; however, on October 16, 2003, he filed a *pro se* notice of appeal and motion for leave to appeal.  Exhibits 7 and 8 to Return of Writ.  On December 16, 2003, petitioner's motion for leave to file a delayed appeal was granted, and the public defender was appointed on petitioner's behalf.  Exhibit 9 to Return of Writ.  Petitioner states that he objected to the appointment of the public defender due to a prior conflict.  *See Traverse*.

2

New counsel subsequently was appointed, but petitioner requested to proceed *pro se* on appeal, which request was granted. *See id.* Proceeding *pro se*, petitioner asserted the following assignments of error:

> 1. The appellant was denied his Sixth Amendment right under the United States Constitution and Section 10 of the Constitution of the State of Ohio, to effective assistance of trial counsel before, during and after trial proceedings.
>
> 2. The plea is induced by an unfulfilled or unfulfillable promise, and is therefore void, pursuant to the due process clauses of the United States Constitution under the Fifth and Fourteenth Amendments and Section 16, Article I of the Constitution of the State of Ohio.
>
> 3. The State of Ohio is bound by contract principles to honor the illusory contract promises made to induce the appellant to enter his plea of guilty.
>
> 4. Trial counsel's performance herein was so deficient, the conviction and sentence is unreliable, unconscionable, and unconstitutional, and is otherwise contrary to Ohio law.

Exhibit 14 to Return of Writ. On August 5, 2004, the appellate court affirmed the judgment of the trial court. Exhibit 15 to Return of Writ. Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court. He asserted the following propositions of law:

> 1. Pursuant to Article VI of the United States Constitution all state court judges are bound by the United States Constitution, laws and treaties.
>
> 2. Pursuant to the Fifth and Fourteenth Amendments under the United States Constitution, the State of Ohio is bound by contract standards to honor the promise made by the trial judge in open court on record, so the unfulfillable promise may be fulfilled in accordance with Ohio law.
>
> 3. The guilty plea is void pursuant [to] the due process clauses of the United States Constitution and that of the State of Ohio, as it was induced by unfulfilled or unfulfillable promises.

4.  The sentence imposed is contrary to Ohio law [and] thus a violation of due process and equal protection clause of the United States Constitution.

5.  The sentence is void pursuant to the Sixth Amendment under the United States Constitution. *Blakely v. Washington* (2004), 542 U.S. [296].

6.  Defendant-appellant that has been denied his constitutional right to effective assistance of counsel has been denied his constitutional right to due process of law and equal protection therefrom.

Exhibit 17 to Return of Writ. On December 1, 2004, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit 19 to Return of Writ. Meanwhile, on August 18, 2004, petitioner filed a *pro se* application to reconsider and reopen his direct appeal. Petitioner asserted that the state appellate court had failed to address his claim that his sentence violated *Blakely v. Washington, supra*, and *State v. Comer*, 99 Ohio St.3d 463 (2003). Exhibit 20 to Return of Writ. On October 14, 2004, the state appellate court denied petitioner's application. Exhibit 23 to Return of Writ. Petitioner filed objections and a request for a full panel hearing, Exhibit 24 to Return of Writ, which motion was denied on November 30, 2004, as untimely. Exhibit 25 to Return of Writ. Petitioner filed a timely appeal to the Ohio Supreme Court. He asserted the following propositions of law:

1.  Appellant has a constitutional right to present his constitutional claims and federal questions in the State's appellate process.

2.  Pursuant to Article VI of the United States Constitution, all state court judges are bound by the United States Constitution, laws, and treaties.

Exhibit 27 to Return of Writ. On March 2, 2005, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit 29 to Return of Writ.

4

Petitioner also filed a petition for post conviction relief with the state trial court, in which he asserted that the prosecutor mislead the grand jury, that he was denied a fair trial due to use of an impermissibly tainted identification of him as the perpetrator, malicious prosecution and prosecutorial misconduct, that the prosecutor withheld material exculpatory evidence, and that he was denied the effective assistance of counsel before and after trial proceedings, Exhibit 33 to Return of Writ, which action apparently is still pending in the state courts.  According to petitioner, his appeal of the trial court's decision denying his post conviction petition was still pending in the state appellate court on  September 20, 2005, the date that petitioner filed his traverse. *Traverse*, at 15.  However,  petitioner has not presented for federal habeas corpus review any of the claims raised in his petition for post conviction relief.  *See Petition*.

Petitioner states that he

> waives no rights as to the merits of his post conviction claims and will seek leave to amend this petition in the event the Tenth District Court of Appeals decision is contrary to clearly established federal law and the United States Constitution.

*Traverse*, at 15.  Nonetheless, to date petitioner has not filed any request to amend his petition to include additional claims raised in post conviction, nor has he requested a stay of proceedings.  This Court, therefore, will not address such issue here.[1]

On April 20, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The sentence imposed is void pursuant to the Sixth and Fourteenth

---

[1]  According to the respondent, the one year statute of limitations under 28 U.S.C. §2244(d) expired on March 1, 2006.  *Return of Writ*, at 17.

Amendments under the United States Constitution.

2.  The conviction and sentence is void pursuant to the Sixth Amendment under the United States Constitution, as petitioner was denied his constitutional right to effective assistance of counsel throughout the state's criminal process [and] therefore in violation of due process and equal protection of law under the Fifth and Fourteenth Amendments of the United States Constitution.

3.  The conviction and consequently the sentence imposed is void pursuant to the Fifth and Fourteenth Amendments under the United States Constitution.

Petitioner entered his guilty plea with the promise of judicial release after serving three years of imprisonment.

4.  The judgment of the Court of Appeals is unconstitutional and is therefore void under clearly established federal law.

5.  The judgment of the Ohio Supreme Court is unconstitutional and is therefore void under clearly established federal law.

It is the position of the respondent that claims four and five fail to present issues appropriate for federal habeas corpus review, and that the remainder of petitioner's claims are without merit.

## II.  CLAIM ONE

In claim one, petitioner asserts that his sentence violates *Blakely v. Washington, supra,* 542 U.S. at 296, because he was sentenced to five years incarceration for his conviction on robbery under O.R.C. §2911.02,[2] and because the trial court was required to make additional findings under O.R.C.

---

[2]  O.R.C. §2911.02 provides:

(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another.

(B) Whoever violates this section is guilty of robbery, an aggravated felony of the second degree.

6

§2929.14(B)[3] not admitted by petitioner in order to impose more than the three year statutory

minimum sentence.  The state appellate court rejected this claim as follows:

> In his motion for reconsideration, appellant argues this court failed to consider the impact of... *Blakely v. Washington* (2004), 124 S.Ct. 2531.
>
> ***
>
> In *Blakely*, the United States Supreme Court held that any factors that lead to a sentence greater than that which could be imposed, based on a jury's finding of guilt, must be proven beyond a reasonable doubt. Here, the sentence was jointly recommended, it followed a guilty plea and was in the mid-range of the sentence available, not greater than the maximum sentence, and, therefore, *Blakely* is not applicable.
>
> For the foregoing reasons, appellant's motion for reconsideration is denied.

Exhibit 23 to Return of Writ.  The Ohio Supreme Court summarily denied petitioner's appeal.

Exhibit 29 to Return of Writ.

---

[3] O.R.C. 2929.14(B) provides:

(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:

(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

7

The findings of the state appellate court are entitled to a presumption of correctness pursuant

to 28 U.S.C. §2254(e):

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, the decision of the Ohio Court of Appeals is binding on this Court unless it is contrary to

clearly established federal law or was based on an unreasonable determination of the facts of record:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

> A state-court decision will... be contrary to... clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases.
>
> ***
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2002).

> [T]he "unreasonable application" prong of § 2254(d)(1) permits a

federal habeas court to "grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts" of petitioner's case. *Williams v. Taylor, supra,* at 413, 120 S.Ct. 1495; *see also Bell v. Cone,* 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). In other words, a federal court may grant relief when a state court has misapplied a "governing legal principle" to "a set of facts different from those of the case in which the principle was announced." *Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (citing *Williams v. Taylor, supra,* at 407, 120 S.Ct. 1495). In order for a federal court to find a state court's application of our precedent "unreasonable," the state court's decision must have been more than incorrect or erroneous. *See Lockyer, supra,* at 75, 123 S.Ct. 1166. The state court's application must have been "objectively unreasonable." *See Williams v. Taylor,* 529 U.S., at 409, 120 S.Ct. 1495.

*Wiggins v. Smith,* 539 U.S. 510, 520-21 (2003).

In *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),

the defendant pleaded guilty to second-degree possession of a firearm for an unlawful purpose, which carried a prison term of 5-to-10 years. Thereafter, the trial court found that his conduct had violated New Jersey's "hate crime" law because it was racially motivated, and imposed a 12- year sentence.

*United States v. Booker*, 543 U.S. 220, 230 (2005).  The Supreme Court set aside the sentence, holding:

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

*Id., citing Apprendi v. New Jersey, supra*, 530 U.S. at 490.

In *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), [the Supreme Court] reaffirmed... that the characterization of critical facts is constitutionally irrelevant. There, [the Supreme Court]

9

held that it was impermissible for "the trial judge, sitting alone" to determine the presence or absence of the aggravating factors required by Arizona law for imposition of the death penalty. *Id.,* at 588-589, 122 S.Ct. 2428. "If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact--no matter how the State labels it--must be found by a jury beyond a reasonable doubt." *Id.,* at 602, 122 S.Ct. 2428. Our opinion made it clear that ultimately, while the procedural error in Ring's case might have been harmless because the necessary finding was implicit in the jury's guilty verdict, *id.,* at 609, n. 7, 122 S.Ct. 2428, "the characterization of a fact or circumstance as an 'element' or a 'sentencing factor' is not determinative of the question 'who decides,' judge or jury," *id.,* at 605, 122 S.Ct. 2428.

In *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531 (2004), we dealt with a determinate sentencing scheme similar to the Federal Sentencing Guidelines. There the defendant pleaded guilty to kidnaping, a class B felony punishable by a term of not more than 10 years. Other provisions of Washington law, comparable to the Federal Sentencing Guidelines, mandated a "standard" sentence of 49-to-53 months, unless the judge found aggravating facts justifying an exceptional sentence. Although the prosecutor recommended a sentence in the standard range, the judge found that the defendant had acted with " 'deliberate cruelty' " and sentenced him to 90 months. *Id.,* at ----, 124 S.Ct., at 2534.

For reasons explained in *Jones, Apprendi,* and *Ring,* the requirements of the Sixth Amendment were clear. The application of Washington's sentencing scheme violated the defendant's right to have the jury find the existence of " 'any particular fact' " that the law makes essential to his punishment. 542 U.S., at ----, 124 S.Ct., at 2536. That right is implicated whenever a judge seeks to impose a sentence that is not solely based on "facts reflected in the jury verdict or admitted by the defendant." *Id.,* at ----, 124 S.Ct., at 2537 (emphasis deleted). We rejected the State's argument that the jury verdict was sufficient to authorize a sentence within the general 10-year sentence for Class B felonies, noting that under Washington law, the judge was *required* to find additional facts in order to impose the greater 90-month sentence. Our precedents, we explained, make clear "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Ibid.* at ----, 124 S.Ct., at 2537 (emphasis in original). The determination that the defendant

10

> acted with deliberate cruelty, like the determination in *Apprendi* that the defendant acted with racial malice, increased the sentence that the defendant could have otherwise received. Since this fact was found by a judge using a preponderance of the evidence standard, the sentence violated Blakely's Sixth Amendment rights.

*Id.*, at 231-232.  In *United States v. Booker, supra*, the Supreme Court subsequently struck the mandatory provisions of the United States Sentencing Guidelines as unconstitutional in view of *Blakely. Id.*, at 258-259.

The Ohio Supreme Court similarly has recently struck Ohio's sentencing statutes as constitutionally prohibited under the United States Supreme Court's decision in *Blakely*:

> Certain aspects of Ohio's felony sentencing plan are unconstitutional when measured against the Sixth Amendment principles established in *Blakely*. The reason for this is, like many state legislatures that attempted sentencing reform, the Ohio General Assembly, through its enactment of S.B. 2 in 1996, authorized narrower sentencing ranges and restricted the discretion of trial judges by *mandating* that underlying "findings" be made before increasing what seems to be a presumptive sentence. In other words, the sentence is not determined "solely on the basis of facts reflected in the jury verdict or admitted by the defendant" as *Blakely* requires. (Emphasis omitted.)  Id., 542 U.S. at 303, 124 S.Ct. 2531, 159 L.Ed.2d 403.

> ***

> Ohio's sentencing statutes offend the constitutional principles announced in *Blakely* in four areas. As was reaffirmed by the Supreme Court in *Booker,* "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 543 U.S. at 244, 125 S.Ct. 738, 160 L.Ed.2d 621.

> Because R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum

11

term authorized by a jury verdict or admission of the defendant, they are unconstitutional. Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences, they are unconstitutional. Because R.C. 2929.14(D)(2)(b) and (D)(3)(b) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant, before repeat violent offender and major drug offender penalty enhancements are imposed, they are unconstitutional. *Apprendi,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; *Blakely,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.

*State v. Foster,* 2006 WL 509549 (Ohio February 27, 2006).  The Ohio Supreme Court excised the unconstitutional provisions of its sentencing statutes in accordance with the Supreme Court's remedial action in *United States v. Booker*, 543 U.S. 234, 764 (2005)(severing and excising unconstitutional provisions of United States Sentencing Guidelines rather than invalidating sentencing guidelines in their entirety).

We therefore hold that R.C. 2929.14(B) and (C) and 2929.19(B)(2) are capable of being severed. After the severance, judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant. We further hold that R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial factfinding is not required before imposition of consecutive prison terms. Finally, we hold that R.C. 2929.14(D)(2) and (3) are capable of being severed. After the severance, judicial factfinding is not required before imposition of additional penalties for repeat violent offender and major drug offender specifications. The appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies.

Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.

*State v. Foster, supra.*  The Ohio Supreme Court further held:

12

> These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion.

*Id.*

For the reasons detailed at length by the Ohio Supreme Court in *State v. Foster, supra*, this Court agrees with the Ohio Supreme Court's conclusion in *State v. Foster, supra*, that the trial court's imposition of more than the minimum mandatory sentence under O.R.C. §2929.14(B) violated *Blakely*.  As discussed by the Ohio Supreme Court in *State v. Foster, supra*:

> Foster challenges R.C. 2929.14(B), which states:
>
> "*[I]f the court* imposing a sentence upon an offender for a felony *elects or is required to impose a prison term* on the offender, the *court shall impose the shortest prison term* authorized for the offense pursuant to division (A) of this section [setting forth the basic ranges], *unless one or more of the following* applies:
>
>> "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>>
>> "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
>
> Thus, Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will "demean the seriousness" of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term. R.C. 2929.14(B)(2).
>
> Under R.C. 2929.14(B), therefore, a court is not authorized to exceed

13

> the shortest prison term unless it makes the additional findings. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (findings required, reasons not); *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473 (findings required for first offender). Since a jury verdict alone does not determine the sentence, R.C. 2929.14(B) violates *Blakely* principles.

*State v. Foster, supra.* Such are the circumstances here. The Magistrate Judge therefore concludes that the Ohio Court of Appeals decision denying petitioner's *Blakely* claim is contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. §2254(d).

Further, and contrary to the decision of the state appellate court, this Court cannot conclude that petitioner waived his *Blakely* claim by entry of his guilty plea, or because the sentence of five years was "jointly recommended... and... in the mid range of the sentence available." *See* Exhibit 23 to Return of Writ. As discussed, the Supreme Court made clear in *Blakely* that the

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*

*Blakely, supra,* 542 U.S. at 303 (citations omitted). The Ohio Supreme Court in *Foster* rejected the argument that the defendants had waived any *Blakely* claim by virtue of their guilty pleas:

> Waiver indicates an " 'intentional relinquishment or abandonment of a known right.' " *United States v. Olano* (1993), 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508, quoting *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461. Foster could not have relinquished his sentencing objections as a known right when no one could have predicted that *Blakely* would extend the *Apprendi* doctrine to redefine "statutory maximum." *Smylie v. State* (Ind.2005), 823 N.E.2d 679, 687. In addition, we note that Blakely's guilty plea did not create an inference that he waived a jury's finding of the

> additional fact of "deliberate cruelty." See *Blakely*, 542 U.S. at 310,
> 124 S.Ct. 2531, 159 L.Ed.2d 403 ("When a defendant pleads guilty,
> the State is free to seek judicial sentence enhancements *so long as the
> defendant either stipulates to the relevant facts or consents to judicial
> factfinding* " (emphasis added)). We have no such stipulations or
> consent to judicial factfinding in any of the cases before us.

*State v. Foster, supra*.  Although the United States Court of Appeals for the Sixth Circuit has held

that the defendant waives his *Blakely* claim by agreeing to his career offender status, and explicitly

waiving his right to appeal his sentence, *see United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005),

petitioner here did not admit in his guilty plea facts that permitted the sentencing judge to enhance

his sentence under R.C. 2929.14(B).

Further, in *United States v. Amiker*, 414 U.S. F.3d 606, 607-608 (6th Cir. 2005), the United

States Court of Appeals for the Sixth Circuit rejected the argument that the defendant had waived

any *Blakely* claim by agreeing to be sentenced under the then-mandatory United States Sentencing

Guidelines.  The Sixth Circuit reasoned:

> The Supreme Court has said that where a defendant pleads guilty, the
> government " 'is free to seek judicial sentence enhancements so long
> as the defendant either stipulates to the relevant facts or consents to
> judicial factfinding.' " *Booker*, 125 S.Ct. at 774 (Stevens, J.,
> concurring in part and dissenting in part) (quoting *Blakely v.
> Washington,* 542 U.S. 296, 124 S.Ct. 2531, 2541, 159 L.Ed.2d 403
> (2004)). The plain meaning of this language, and the equally plain
> language of *Booker* and *Blakely,* indicate that consent to judicial
> factfinding cannot be found in an ordinary plea agreement. At the
> time of Amiker's plea agreement and sentencing, all plea agreements
> required, either explicitly or implicitly, that a defendant agree to
> sentencing under the Guidelines. Where this requirement is spelled
> out, we see no reason to imply consent to judicial factfinding. That
> Amiker, in his plea agreement, agreed to be sentenced pursuant to the
> Sentencing Guidelines, does not preclude him from raising the
> *Booker* error on appeal.

***

> ... [W]here a plea agreement does not include an appeal waiver, an explicit agreement to be sentenced under the Guidelines carries no independent significance.

*Id.; see also United States v. Alford*, 436 F.3d 677, 680 (6th Cir. 2006).  Similarly, here, the trial court was not required to accept the parties' jointly recommended sentence of five years.  Further, the joint recommendation did not constitute a stipulation by petitioner to any factual findings that were required to be made by the trial court before it could impose a sentence greater than the statutory maximum.  *See Judgment Entry*, Exhibits 5 and 6 to Return of Writ.  While it does appear that petitioner  waived the right to appeal his sentence under O.R.C. §2953.08(D)[4] since the trial court imposed the jointly recommended sentence, nothing in the record before this Court reflects that petitioner was advised that he was waiving the right to appeal his sentence by agreeing to a jointly recommended sentence.

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **GRANTED** on claim one and that petitioner's sentence be **VACATED** and petitioner released from incarceration, unless the State of Ohio re-sentences him within ninety (90) days.

### III.  CLAIMS TWO AND THREE

In claim two, petitioner asserts that he was denied the effective assistance of counsel because

---

[4]  O.R.C. §2953.08(D) provides:

(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

his attorney failed to file a notice of alibi, failed to interview and subpoena witnesses, and failed to "produce" exculpatory evidence left at the crime scene (*i.e.*, a baggie). Petitioner also asserts that he was denied the effective assistance of counsel because his attorney permitted him to enter into an illegal plea agreement, and because his attorney failed to object to the trial court's sentence as a violation of *Blakely.*

Petitioner complains that his attorney failed to adequately prepare for trial, and that she failed to advise him of the date of the alleged offense. He states that he had alibi witnesses who would have established his innocence. Petitioner complains that his attorney advised him to enter into an illegal plea agreement, because he was promised judicial release after five years, and under O.R.C. §2929.20(A)(1)(B)(3),[5] he is ineligible for judicial release until he has served at least four years. In claim three, petitioner asserts that his guilty plea was not knowing, intelligent, or voluntary because it was induced by the unkept and illegal promise that he would be granted judicial release

---

[5] O.R.C. 2929.20 provides in relevant part:

(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. The court shall not reduce the stated prison term of an offender who is not an eligible offender. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:

(2) Except as otherwise provided in division (B)(3) or (4) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.

(3) If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term.

after three years.

The state appellate court rejected petitioner's claims as follows:

In 2002, appellant was indicted on one count of aggravated burglary, three counts of kidnapping, one count of aggravated robbery, two counts of robbery, one count of theft, one count of intimidation of a crime victim or witness and one count of carrying a concealed weapon. All nine counts carried firearm specifications. In a separate case, appellant was charged with possession of cocaine and having a weapon while under disability. Following plea negotiations, appellant entered a guilty plea to robbery with a possible maximum sentence of eight years and the felony drug charge was reduced to a misdemeanor of attempted possession of cocaine. A *nolle prosequi* was entered as to all other charges.

The trial court sentenced appellant to five years in accordance with recommended sentence and six months on the misdemeanor drug charge, with thee sentences to be served concurrently. The court gave appellant credit for 99 days in jail. This court granted appellant's motion for leave to file a delayed appeal.

Appellant's assignments of error are related and will be addressed together. In his assignments of error, appellant argues that trial counsel was ineffective for failing to file various motions to suppress and for coercing him into entering a guilty plea that he argues presented him with illusory benefits.

Appellant has the burden of proving ineffective assistance of counsel. *State v. Smith* (1981), 3 Ohio App.3d 115. In *State v. Smith* (1985), 17 Ohio St.3d 98, the Ohio Supreme Court adopted the two-prong analysis espoused in *Strickland v. Washington* (1984), 466 U.S. 668, for determining whether counsel's assistance was so defective as to require reversal of a conviction. In *Strickland,* at 687, the court held:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is

18

reliable. ***

*See, also, State v. Hester* (1976), 45 Ohio St.2d 71.

To establish prejudice within the context of a guilty plea, appellant must show that, but for counsel's errors, there is a reasonable probability he would not have entered a guilty plea, but would have insisted on going to trial. *Hill v. Lockhart* (1985), 474 U.S. 52. Further, a guilty plea is a waiver of alleged errors that might have occurred at the trial court, including those relating to motions to suppress. *State v. Elliott* (1993), 86 Ohio App.3d 792.

A review of the transcript shows the trial court fully complied with Crim.R. 11, and appellant's plea was voluntarily, intelligently and knowingly made. At the plea hearing, appellant stated he was 26, a high school graduate, understood the charges to which he was pleading guilty and the possible penalties, the rights he waived and that he would be sentenced that day. He admitted reviewing the guilty plea form with his attorney and stated he was not coerced into entering a guilty plea or promised anything in exchange. Appellant's counsel stated:

I JUST WANTED TO PLACE ON THE RECORD THAT AS A RESULT OF THOSE DISCUSSIONS THE COURT DID STATE THAT AT AN APPROPRIATE TIME IN THE FUTURE*** THAT YOU WOULD CONSIDER JUDICIAL RELEASE, ALTHOUGH CERTAINLY I'VE EXPLAINED TO MY CLIENT THAT THE TIME FRAME OR EVEN THE POSSIBILITY OF GETTING JUDICIAL RELEASE IS NOT GUARANTEED.

(Tr. at 10-11.)

Prior to imposing sentence, the trial judge asked appellant whether he had anything to say, and he declined the opportunity to address the court.

The terms of the sentence were fully explained to appellant, he stated he understood and, despite being provided an opportunity, did not object or question the sentence as being contrary to what he had agreed. At no time did the trial court state in imposing sentence that appellant would be placed in a community based correctional facility and did not promise an early release.

Contrary to appellant's assertions, trial counsel was most effective on

19

his behalf.  In one case, eight of nine felony counts were dismissed. In a separate, unrelated case, a felony drug charge was reduced to a misdemeanor and an accompanying felony charge was dismissed. Despite a previous felony record, appellant received only a mid-range prison sentence.

For all of the foregoing reasons, appellant's assignments of error are overruled.

Exhibit 15 to Return of Writ.  Again, the decision of the state appellate court is entitled to a presumption of correctness.  28 U.S.C. §2254(d), (e).  Upon review of the record, the Court concludes that petitioner has failed to establish that the state appellate court's decision is so unreasonable as to justify federal habeas corpus relief.  *See Williams v. Taylor, supra*.

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid.  *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).  However, "'*Boykin* does not require separate enumeration of each right waived and separate waivers as to each.'" *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988)(quoting *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir. 1975).  It is not necessary that the defendant consciously waive each potential defense relinquished by a plea of guilty.  *United States v. Broce*, 488 U.S. 563 (1989).  "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks*, 852 F.2d at 885 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, a court must look at the totality of the circumstances surrounding the plea. *Id*.  A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

In addition, the prosecutor must keep any promises he made in the plea agreement. *Bordenkircher v. Hayes*, 434 U.S. 357, 362 (1978).  When a prisoner challenges his guilty plea on

the basis that it was induced by an unkept promise, the court must determine whether the allegation, when viewed against the record of the plea hearing is so palpably incredible, so patently frivolous or false, as to warrant summary dismissal. *Blackledge v. Allison,* 431 U.S. 63, 76 (1977). In applying this standard, the Court will indulge a strong presumption that the statements made by the parties at the plea hearing were truthful. *Id.,* at 74. A prisoner may overcome this presumption only by supporting his claim with specific factual allegations. *Id.*, at 75-76.

As noted by the state appellate court, the record reflects that petitioner was throughly advised of all of the rights he was waiving by virtue of his guilty plea, as well as the maximum penalties for the offenses of conviction.

> [Prosecutor]: ... The Defendant is to enter a plea of guilty to Case Number 5483, count six, robbery, F-2, without the gun spec. This is punishable by a maximum of eight years.
>
> And if the Court accepts this plea and the defendant enters this plea... we are willing to recommend a nolle prosequi as to counts one through five and seven through ten.
>
> Regarding Case Number 5712, the defendant is entering a plea of guilt to a stipulated lesser of attempted possession of cocaine, a misdemeanor of the first degree.
>
> ***
>
> COURT: Are you under the influence of alcohol or drugs?
>
> DEFENDANT: No.
>
> ***
>
> COURT: Do you understand what... offenses you are pleading guilty to?
>
> DEFENDANT: Yes.
>
> COURT: Do you understand the possible penalties?

21

DEFENDANT: Yes.

COURT: Do you understand it's my intention to impose those penalties here today?

DEFENDANT: Yes.

COURT: Is this your signature on the plea form?

DEFENDANT: Yes.

COURT: Has your attorney gone over that form with you?

DEFENDANT: Yes.

COURT: Did you understand it?

DEFENDANT: Yes.

COURT: Are you making these pleas voluntarily?

DEFENDANT: Yes.

COURT: Has anyone promised you anything or arm-twisted you into changing your pleas from a not guilty to a guilty plea?

DEFENDANT: No.

COURT: Do you understand by signing this form you're giving up any defenses you may have to these charges?

DEFENDANT: Yes.

COURT: You're also giving up... a right to a trial by jury.

DEFENDANT: Right.

COURT: you're giving up the right to question and confront any witnesses the prosecution may produce against you.

DEFENDANT: Yes.

COURT: You're giving up the right to have folks come in and testify in your behalf, folks I can subpoena to come in if they were unwilling

to come voluntarily.

DEFENDANT: Yes.

COURT: Do you recognize in a trial you don't have to say anything, you don't have to prove that you're innocent, the prosecution has to prove that you're guilty beyond a reasonable doubt?

Do you understand?

DEFENDANT: Yes.

COURT: Do you understand by giving up the right to a jury trial you're giving up the right to appeal anything that were to go wrong during the course of that jury trial?

DEFENDANT: Yes.

COURT: Satisfied with your lawyer?

DEFENDANT: Yes.

*Sentencing Transcript,* at 3-6.  Petitioner did not object to the factual summary provided by the

prosecutor:

> The incident in question occurred on November 29... 2001.... Jennifer Rarick was in her house... at 6008 and a half Seymour Avenue in Franklin County, State of Ohio.  She was watching TV, and approximately 9:30 in the morning, she hears a knock.  She opens the door, and she finds Michael Friley there, who she does not know, along with an unknown African-American, who the two of them forced their way into the apartment.  And... they're asking, "Where is it?  Where is it?  Where is it?"
>
> ***
>
> The house was ransacked, and the people were ordered to the ground, but no one was physically hurt.  The defendant was the one that had a gun....
>
> ... They didn't apparently find what they wanted, so they took a quantity of clothing out of the house, and they leave.

***

> Subsequent to this, on September 8, 2002, she sees the defendant there at a store on the west side of Columbus, confronts him about the incident. And the defendant says, "You know, I know where you live, and I still got this gun." He gets into a car and drives away. They were able to get a license plate off the car...
>
> Now, the defendant was arrested on the 12th of that month for carrying a concealed weapon....
>
> ...Photo arrays were presented to Ms. Rarick and her sister, Tara Rarick, both of whom... made instantaneous and unequivocable identifications.

*Id.*, at 6-8. Trial counsel stated that he had discussed the plea with petitioner and believed it to be in his best interests. *Id.*, at 9.

Petitioner's allegation that his guilty plea was not knowing, intelligent, or voluntary, or that it was induced the unkept promise of judicial release after three years, in view of the record before this Court, is simply incredible. At sentencing, the trial court stated:

> I will disapprove any shock incarceration program in the institution, and I have written on the inside of the file folder that I will order a post and consider judicial release after three years in the institution.

*Id.*, at 13. However, petitioner signed an Entry of Guilty Plea that indicates that he understood that the "State will oppose any efforts at judicial release." Exhibit 5 to Return of Writ. Petitioner told the trial court that his guilty plea did not involve any off the record promises. See, supra. Further, as discussed by the state appellate court, trial counsel stated at the time of petitioner's guilty plea:

> I've explained to my client that the time frame or even the possibility of getting judicial release is not guaranteed.

*Sentencing Transcript,* at 11. Petitioner did not indicate that he had any questions. *See id.*

Petitioner's claim of ineffective assistance of counsel likewise is without merit. To the

extent that petitioner asserts that his attorney failed to present an adequate defense, such claim is

waived by virtue of his guilty plea.  Federal habeas corpus review of claims raised by a petitioner

who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea,

not the existence as such of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S.

258, 266 (1973).

> A guilty plea represents a break in the chain of events which has
> preceded it in the criminal process.  When a criminal defendant has
> solemnly admitted in open court that he is in fact guilty of the offense
> charged, he may not thereafter raise independent claims related to the
> deprivation of constitutional rights that occurred prior to the entry of
> the guilty plea.

*Id.*, at 267.  "[A] guilty plea is an admission of all the elements of a formal criminal charge."

*McCarthy v. United States,* 394 U.S. 459, 466 (1969).  A guilty plea bars a defendant from raising

in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's

case against him.  *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy*, 394 U.S. at 466.

However, a prisoner may challenge the entry of a plea of guilty on the basis that counsel's

ineffectiveness prevented the plea from being knowing and voluntary.  *Tollett v. Henderson*, 411

U.S. 258, 267 (1973).  The two-part test announced in *Strickland, supra*, applies to challenges to

guilty pleas based on a claim of ineffective assistance of counsel.  *Hill v. Lockhart*, 474 U.S. 52, 59

(1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988).  In order to obtain relief, a prisoner

who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show

that counsel's advice was not within the range of competence demanded of attorneys in criminal

cases.  *Hill,* 474 U.S at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on
> whether counsel's constitutionally ineffective performance affected
> the outcome of the plea process.  In other words, in order to satisfy

25

> the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884. Petitioner has failed to meet this standard here.

Petitioner initially was charged with aggravated burglary, kidnapping, three counts of aggravated robbery, two counts of robbery, intimidation of a witness, theft, carrying a concealed weapon, possession of cocaine, and having a weapon while under disability, with multiple firearm specifications. Pursuant to his guilty plea, petitioner was convicted solely on one count of robbery, and attempted possession of cocaine. He thereby substantially reduced his sentence exposure. Further, he faced a maximum sentence of eight years on the felony robbery charge, and pursuant to the terms of his guilty plea, was sentenced to an aggregate term of five years on robbery and attempted possession of cocaine. Further, nothing in the record reflects that the prosecutor would have been unable to prove the charges against petitioner. Under such circumstances, it is unlikely that his attorney would have advised against accepting the guilty plea. Additionally, and contrary to his allegations here, petitioner stated that he had gone over the guilty plea form with his attorney and that his plea was voluntary. *Transcript, Guilty Plea,* at 4. He was satisfied with his attorney. *Id*., at 6. Petitioner now complains that his attorney failed properly to prepare for trial, and failed to interview witnesses; however, petitioner does not indicate what manner he was prejudiced thereby. Petitioner alleges that he had alibi witnesses, but he has offered no evidence to support that claim. Petitioner simply has failed to establish that his attorney's performance was inadequate or that, but for counsel's errors he would have insisted on proceeding to trial. Further, petitioner pleaded guilty on March 3, 2003. Therefore, to the extent that petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to object to his sentence as in violation

of *Blakely v. Washington, supra*, such claim likewise fails. *See United States v. Burgess*, 142

Fed.Appx. 232, unpublished 2005 Fed.App. 0531N (6th Cir. June 22, 2005)(no ineffective assistance

for failing to anticipate *Blakely* or *Booker*).

> Competence, not prescience, is what the constitution requires. *See United States v. Bradley*, 400 F.3d 459, 463 (6th Cir.2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature. A valid plea agreement, after all, requires knowledge of existing rights, not clairvoyance."); *Green v. United States*, 65 F.3d 546, 551 (6th Cir.1995) (lawyer's failure to predict Sixth Circuit's approach to law did not constitute ineffective assistance of counsel); *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir.1995)("Defendant faults his former counsel not for failing to find existing law, but for failing to predict future law. We agree ... that clairvoyance is not a required attribute of effective representation."); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir.1981) (holding that "counsel is normally not expected to foresee future new developments in the law").

*Conley v. United States*, 2005 WL 1420843 (W.D. Mich. June 15, 2005).

Claims two and three are without merit.

## IV.  CLAIM FOUR

In claim four, petitioner asserts that "the judgment of the court of appeals is

unconstitutional." Specifically, petitioner alleges that the state appellate court refused to adjudicate

all of the claims that he raised on appeal, that the state appellate court's decision violates *Ross v.

Moffitt,* 417 U.S. 600 (1974), and *Santobello v. New York*, 404 U.S. 257 (1971); that the state

appellate court improperly considered evidence outside of the record in denying his claim; and that

the state appellate court's decision violates the Constitution. The record is devoid of support for any

of these allegations.

Petitioner asserts that the appellate court improperly denied him access to the entire

27

transcript for purposes of appeal because he was unable to obtain transcripts of a pre-hearing in-chambers conference. Again, the record fails to support that claim. *See* Exhibits 12, 13, and 14 to Traverse. As noted by the state appellate court, *see id.,*the record does not reflect that the in-chambers conference at issue was transcribed.

Petitioner asserts that the appellate court improperly refused to apply the mailbox rule of *Houston v. Lack,* 487 U.S. 266, 270-71 (1988), to his untimely motion to reconsider. In *Houston v. Lack, supra,* the United States Supreme Court held that a *pro se* prisoner's filings are deemed filed under federal law on the date of delivery to prison officials for mailing. Ohio does not apply the mailbox rule of *Houston v. Lack. See State ex rel. Tyler v. Alexander,* 52 Ohio St.3d 84 (1990). But the mailbox rule is not constitutionally mandated. Ohio is free to establish a contrary rule.

Claim four is without merit.

## V. CLAIM FIVE

In claim five, petitioner asserts that the "judgment of the Ohio Supreme Court is unconstitutional and void." *Petition,* at 4. Petitioner alleges that the Ohio Supreme Court refused to adjudicate his claims, denied him the right to present his claims, and "failed to execute its constitutional duties." *Id.* Petitioner does not provide any further specificity regarding his allegations, and nor does the record support any such claim.

Claim five is without merit.

## VI.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** the petition for a writ of habeas corpus be **GRANTED** on claim one, that petitioner's sentence be **VACATED** and petitioner released from incarceration, unless the State of Ohio re-sentences him within ninety (90)

days. The Magistrate Judge further **RECOMMENDS** that the remainder of petitioner's claims be **DISMISSED** as without merit.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel
United States Magistrate Judge

29