**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL LAMARR FRILEY,**

      **Petitioner,**

  **v.**                     **CASE NO. 2:05-cv-396**
                                **JUDGE MARBLEY**
**JEFFREY WOLFE, Warden,**        **MAGISTRATE JUDGE ABEL**

      **Respondent.**

**OPINION AND ORDER**

On April 18, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be granted on claim one, and that petitioner's sentence be vacated and he be released from incarceration unless the State of Ohio re-sentences him within ninety days; the Magistrate Judge recommended that the remainder of petitioner's claims be dismissed. Respondent has filed objections to the Magistrate Judge's *Report and Recommendation*.

Respondent objects solely to the Magistrate Judge's recommendation that the petition for a writ of habeas corpus be granted on claim one. Respondent objects to the Magistrate Judge's conclusion that the Ohio Court of Appeals decision denying petitioner's claim that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), was an unreasonable application of federal law under 28 U.S.C. §2254(d). Respondent argues that, because the Ohio Supreme Court did not decide in *State v. Foster,* 109 Ohio St.3d 1 (Ohio 2006), that Ohio's sentencing statutes violated *Blakely* until February 27, 2006, after petitioner's appeal had already been decided, the Ohio Court of Appeals denying petitioner's claim was not unreasonable. In support of this argument, respondent

refers to the "confusion and uncertainty" in state and federal courts regarding application of *Blakely* to the United States Sentencing Guidelines, and to state sentencing statutes. Finally, respondent argues that *Blakely* should not apply to negotiated plea agreements that include a jointly recommended sentence, as were the circumstances in this case.

The Court is not persuaded by respondent's arguments. The timing of the Ohio Supreme Court's consideration of *Blakely's* ramifications on Ohio's sentencing scheme is irrelevant to application of *Blakely* to the sentence imposed in this case, since *Blakely* was decided during the pendency of petitioner's appeal. Further, regardless of any lack of consensus or struggle by the state or federal courts to apply *Blakely* to state and federal sentencing schemes, this Court concludes, for the reasons discussed at length in the *Report and Recommendation* and in the Ohio Supreme Court's decision in *Foster, supra*, that the trial court's imposition of more than the mandatory minimum sentence under O.R.C. §2929.14(B) violated the United States Supreme Court's decision in *Blakely*. Contrary to respondent's argument here, nothing in the record reflects that petitioner admitted to any facts required for imposition of more than the mandatory minimum sentence or that he was advised that he was waiving his right to appeal his sentence by agreeing to a joint recommendation of sentence.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by respondent. In view of all of the foregoing, and for the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, respondent's objections are **OVERRULED.**

Although petitioner was advised of his right to object to the *Report and Recommendation,* and of the consequences of his failure to do so, he nevertheless has failed to object to the *Report and*

2

*Recommendation.*

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Claims two through five of the petition are **DISMISSED.** The petition for a writ of habeas corpus is **GRANTED** on claim one. Petitioner's sentence is **VACATED,** and he is to be released from incarceration unless the State of Ohio re-sentences petitioner within ninety (90) days.

 **IT IS SO ORDERED.**

 s/Algenon L. Marbley   
ALGENON L. MARBLEY
United States District Judge
