IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL LAMARR FRILEY,

Petitioner,

v.

JEFFREY WOLFE, Warden,

Respondent.

CASE NO. 2:05-cv-396
JUDGE MARBLEY
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On November 28, 2006, final judgment was entered conditionally granting the instant petition for a writ of habeas corpus on petitioner's claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and dismissing the remainder of petitioner's claims. In a judgment entry filed on December 28, 2006, the trial court re-sentenced petitioner to the same jointly recommended sentence it had previously imposed of five years incarceration. *See Exhibit B to Response to Motion for Injunctive Relief,* Doc. No. 25. Petitioner has filed an appeal of the trial court's re-sentencing, which action apparently is pending before the Ohio Court of Appeals. *See id., Exhibit A*. However, on January 17, 2007, petitioner filed a motion for injunctive relief, requesting the Court to order his unconditional release based upon the State's alleged failure to comply with this Court's order conditionally granting the petition for a writ of habeas corpus and directing the State to release petitioner or re-sentence him within ninety days. *See* Doc. Nos. 20, 24. On February 15, 2007, the Court denied petitioner's request for injunctive relief. Doc. No. 27. This matter is now before the Court on petitioner's March 5, 2007, motion for reconsideration of that decision, and his request that the Court order respondent to expand the record with a copy of the transcripts from petitioner's re-

sentencing hearing. Doc. Nos. 29, 30. For the reasons that follow, petitioner's requests are **DENIED.**

Petitioner requests reconsideration of the denial of his motion for injunctive relief under Federal Rule of Civil Procedure 60(b), which provides in relevant part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Petitioner contends that reconsideration of the denial of his motion for injunctive relief is warranted because the District Court misapplied *State v. Foster*, 109 Ohio St.3d 1 (2006), when it denied his motion for injunctive relief, and because the Ohio Attorney General committed fraud upon the Court by stating that petitioner was re-sentenced under the terms of *State v. Foster, supra*. *See Motion for Reconsideration*, Doc. No. 29. Petitioner alleges that the trial court violated *Blakely v. Washington*, 542 U.S. 296 (2004), when it re-sentenced him. According to petitioner, this Court must review the transcript of his re-sentencing hearing in order properly to address his motion for injunctive relief.

The Court is not persuaded by petitioner's arguments. The trial court's re-sentencing entry

2

indicates that the trial court complied with this Court's order conditionally granting the petition for a writ of habeas corpus by re-sentencing petitioner without making the prohibited judicial fact findings that were stricken by the Ohio Supreme Court in *State v. Foster, supra*, as unconstitutional under *Blakely*. *See Exhibit B to Response to Motion for Injunctive Relief,* Doc. No. 25; *see also State v. Mathis*, 109 Ohio St.3d 54, 59-60 (2006)(judicial fact finding no longer required under Ohio law prior to imposition of consecutive terms, or a sentence within the statutory range for the offense of conviction). Additionally, as noted in this Court's denial of petitioner's motion for injunctive relief, petitioner may raise any arguments regarding the constitutionality of the trial court's re-sentencing of him on appeal, and in a timely federal habeas corpus petition, after he exhausts state court remedies. The record reflects that the State of Ohio complied with this Court's order directing the State to re-sentence petitioner or release him within ninety days. Review of the transcript of the petitioner's re-sentencing hearing is not required here.

For all of the foregoing reasons, petitioner's motion for reconsideration, and his request that this Court order respondent to expand the record with a copy of the hearing of petitioner's re-sentencing transcript, Doc. Nos. 29, 30, are **DENIED.**

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
United States District Judge

3